IN THE MATTER OF E. LLOYD TILLEY, FORMER CLERK OF THE SUPERIOR COURT OF WAKE COUNTY, NORTH CAROLINA.

(Filed 3 May, 1939.)

Counties § 13—Receiver of trust funds of the clerk held entitled to proceeds of loans made from trust fund.

The findings of fact were to the effect that the clerk of the Superior Court was in charge of trust funds which he was authorized to invest, and was also delinquent tax collector without authority to invest delinquent tax funds, and that the clerk invested trust funds in mortgage

securities but, upon being pressed by the auditor for settlement of the delinquent tax account, exhibited said securities as belonging to his delinquent tax account and placed same in the compartment in the vault reserved for securities belonging to the delinquent tax account. After the death of the clerk the mortgage was paid and the proceeds thereof were claimed by the County Treasurer as belonging to the delinquent tax account and by the receiver of the trust account as belonging to that fund. *Held:* The mere placing of the mortgage security in the compartment of the vault reserved for the securities belonging to the delinquent tax account and the statement by the clerk to the auditor that they belonged to such account could not have the effect of transferring the funds from the trust funds account, and therefore the same should be paid to the receiver of the trust fund.

APPEAL by petitioner from *Stevens, J.,* at February Term, 1939, of WAKE. Reversed.

*R. L. McMillan for petitioner, appellant.*
*Jones & Brassfield for respondents, appellees.*

SCHENCK, J. This proceeding was instituted by the filing of a petition by J. W. Bunn, receiver of E. Lloyd Tilley, deceased, former clerk of the Superior Court of Wake County,. wherein it is alleged that two certain sums of money, namely, $107.56 and $11,167.87, are being held by the treasurer of Wake County to which said receiver is entitled, and asking that said sums be paid over to said receiver to be paid out by him under direction of the court. The hearing was had by and with the consent of the receiver, the board of county commissioners of Wake County, and J. Milton Mangum and H. G. Holding, treasurer and auditor, respectively, of said county.

There is no evidence as to the first sum of $107.56 and no further mention thereof in the judgment or in the record. It is therefore presumed that there is no further controversy relative to it.

The respondents contend that the $11,167.87 should be allocated by the treasurer to the delinquent tax fund of Wake County, and credited on the delinquent tax account of Tilley, as delinquent tax collector.

The $11,167.87 was paid after the death of Tilley to take up a note and deed of trust given to him by Margaret Hunter Yancey and her husband, Robert G. Yancey, and was turned over to J. Milton Mangum, treasurer, for disbursement as he may be directed.

Tilley was clerk of the Superior Court, and as such held trust funds, which came into his hands as such clerk, and was also delinquent tax collector, and as such had delinquent tax funds, which he had collected. He was authorized by law to loan out the trust funds, but had no such authorization to loan out the delinquent tax funds.

The question presented for decision is whether the funds collected from the loan by Tilley to Margaret Hunter Yancey and her husband, Robert G. Yancey, are a part of the trust funds and are therefore due to be paid Bunn, receiver of said trust funds, or whether the funds so collected are a part of the delinquent taxes collected by Tilley, and therefore should be allocated to the delinquent tax account of the county.

His Honor found the facts and concluded as a matter of law that the funds in question should be retained by the treasurer and allocated as back tax collections, and used and disbursed accordingly, and entered judgment consonant with such conclusion.

To this conclusion of law, and to the judgment entered, the petitioner, Bunn, receiver, excepted and appealed, assigning errors.

The conclusion of law, to which exception was duly preserved, reads: "From the foregoing facts, the court is of the opinion, and finds as a matter of law that the proceeds derived and collected from the loan made by E. Lloyd Tilley, former clerk of the Superior Court, to Mrs. Margaret Hunter Yancey and husband, Robert G. Yancey, belong to the delinquent tax fund of Wake County, the said collection amounting to $11,167.87." We think the exception is well taken.

The facts found by the court are substantially as follows:

(1) E. Lloyd Tilley was clerk of the Superior Court prior to and at the time of his death on 30 June, 1937; (2) in addition to his duties as clerk, Tilley was delinquent tax collector; (3) J. W. Bunn was duly appointed receiver for Tilley, deceased clerk; (4) at the time of his death Tilley held notes of Margaret Hunter Yancey and her husband, Robert G. Yancey, in the sum of $10,000, secured by deed of trust on real estate, and said notes and interest, aggregating $11,167.87, was subsequently paid, and credited to the account of the former receiver of E. Lloyd Tilley, clerk, and thereafter the former receiver, without order of court, transferred said amount collected from the Yancey note and deed of trust to the auditor of Wake County, and the auditor turned said amount over to the treasurer of said county, who allocated same to the delinquent tax account; (5) Margaret Hunter Yancey and her husband, Robert G. Yancey, were granted a loan of $10,000 by E. Lloyd Tilley, clerk, the funds to make up said loan being derived from the collection of $1,900 by said clerk from a former loan to Lucy Hartsfield, and the collection of $5,016.99 from a former loan to J. K. Barrow, and two checks for $1,500 each drawn on trust fund account of said clerk, payable to said Yancey and wife or their attorney; (6) in the vault of his office the said Tilley maintained separate compartments in which he purported to keep moneys and securities belonging respectively to his trust account and to his delinquent tax account; (7) a few days before his death, said Tilley, upon being pressed by the auditor for a settle-

ment of his delinquent tax account, exhibited to said auditor his bank book showing his bank account as delinquent tax collector, and also certain securities which he stated belonged to his delinquent tax account, the note and deed of trust from Margaret Hunter Yancey and her husband being among said securities, and being in the compartment in the vault reserved for securities belonging to the delinquent tax account.

We are of the opinion that the mere placing of the note and deed of trust in the compartment in the vault reserved for securities belonging to the delinquent tax account, and the statement by Tilley to the auditor that they belonged to such account, could not have the effect of transferring funds derived from a loan made from the trust funds to the delinquent tax account from the trust funds account, and we therefore hold, from the facts found by the court, that the proceeds derived and collected from the loan made by E. Lloyd Tilley, former clerk of the Superior Court of Wake County, to Margaret Hunter Yancey and her husband, Robert G. Yancey, amounting to $11,167.87, belong to the trust funds of the former clerk, and should be paid by Mangum, treasurer, to Bunn, receiver of said trust funds, to be disbursed by said receiver under direction of the court.

The cause is remanded for judgment in accord with this opinion.

Reversed.